**UNITED STATES of America, Plaintiff,**

v.

**Angela JOHNSON, Defendant.**

**No. CR 00–3034–MWB.**

United States District Court, N.D. Iowa, Central Division.

July 11, 2003.

Patrick J Berrigan, Watson & Dameron, LLP, Kansas City, MO, Thomas P Frerichs, Frerichs Law Office PC, Waterloo, IA, Philip A MacTaggart, Federal Public Defender, Davenport, IA, Robert R Rigg, Drake University Legal Clinic, Des Moines, IA, Dean A Stowers, Rosenberg, Stowers & Morse, Des Moines, IA, Alfred E Willett, Terpstra, Epping & Willett, Cedar Rapids, IA, for Plaintiff.

Patrick J Reinert, US Attorney's Office, Cedar Rapids, IA, Charles J Williams, US Attorney's Office, Cedar Rapids, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO RECONSIDER DENIAL OF MOTION TO DISMISS COUNTS 1 THROUGH 5 ON STATUTE OF LIMITATIONS GROUNDS

BENNETT, Chief Judge.

This case—which involves the first of two separate indictments against defendant Angela Johnson charging her with crimes arising from her alleged involvement in the murders of five witnesses—comes before the court on the defendant's May 21, 2003, Motion To Reconsider Denial Of Motion To Dismiss Counts 1 Through 5 On Statute Of Limitations Grounds (docket no. 471). The government has not deigned to respond to Johnson's motion to reconsider and the deadline for a timely response has long since passed. There-fore, the motion to reconsider is ripe for the court's consideration.

Johnson's motion to reconsider challenges a part of this court's December 31, 2002, order published at 239 F.Supp.2d 897 (N.D.Iowa 2002). The pertinent part of the court's order addressed Johnson's contention that the charges in Counts 1 through 5, which charge murder in violation of the witness-tampering statute, 18 U.S.C. § 1512(a), are *not* timely under 18 U.S.C. § 3281, even though that statute provides that "[a]n indictment for any offense punishable by death may be found at any time without limitation." Instead, Johnson contended that Counts 1 through 5 of the indictment are *untimely* under the five-year statute of limitations in 18 U.S.C. § 3282 for "non-capital offenses," because, at the time that she allegedly committed those offenses, in July and November of 1993, the federal death penalty had been declared unconstitutional. *United States v. Johnson,* 239 F.Supp.2d 897, 903–05 (N.D.Iowa 2002). The court noted in its ruling that the government had withdrawn its notice of intent to seek the death penalty for violations of the witness-tampering statute. *Id.* at 901. However, relying primarily on decisions of the Eighth Circuit Court of Appeals—*United States v. Edwards,* 159 F.3d 1117 (8th Cir.1998), *cert. denied,* 528 U.S. 825, 120 S.Ct. 309, 310, 75 (1999), and *United States v. Emery,* 186 F.3d 921 (8th Cir.1999)—this court held that "Johnson has been charged in Counts 1 through 5 with murders that are 'punishable by death,' whether or not a *constitutionally effective* death penalty was available, on procedural grounds, at the time that she allegedly committed the offenses." *Johnson,* 239 F.Supp.2d at 905 (emphasis in the original). Consequently, this court denied Johnson's motion to dismiss as to those counts. *Id.*

In her motion to reconsider, Johnson acknowledges that this court's ruling was based on Eighth Circuit precedent, but she now contends that "this precedent is no longer good law in light of *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) and *Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003)." Defendant's Motion To Reconsider Denial Of Motion To Dismiss Counts 1 Through 5 On Statute Of Limitations Grounds, ¶ 3. Johnson's argument runs as follows:

> These cases [*Ring* and *Sattazahn*] recognize that aggravating factors that distinguish capital murder from non-capital murder are elements of the capital murder offense and further that non-capital murder is actually a separate, lesser-included offense of capital murder. Thus, when Congress enacted the death penalty provisions applicable to Title 18, United States Code, § 1512 it was creating a "new" offense by defining additional elements that the government had to allege and prove in order to bring the capital punishment into play. At the same time and as part of the same Public Law that created the death penalty for an array of Title 18 offenses, Public Law 103–322, Congress also amended the statute of limitations applicable to such capital offenses, Title 18, United States Code, § 3281. The phrase "any offense punishable by death" must therefore refer to the separate, distinct and greater offenses defined by law that have additional elements that must be pled and proven [sic] in order to charge and establish a capital offense. The government has agreed that it is not pursuing "capital murder" as defined in *Sattazahn* and *Ring* and this is therefore a non-capital prosecution subject to the five-year limitations period.

*Id.* Johnson asks the court to reconsider its ruling in light of her reading of *Sattazahn*, because that decision was not handed down until after this court's ruling.

Although this court agrees that an intervening decision of the United States Supreme Court would present adequate grounds to "reconsider" a prior ruling in a criminal case, the court finds that the *Sattazahn* ruling upon which Johnson relies simply does not require any different disposition of her motion to dismiss Counts 1 through 5 of the present indictment, on statute of limitations grounds, than this court made in its December 31, 2002, order. In *Sattazahn*, in pertinent part, Justice Scalia, who announced the judgment of the Court, concluded that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), established that "aggravating circumstances" were the functional equivalent of elements of an offense, and therefore, for purposes of the Sixth Amendment's right to jury trial, must be found by a jury beyond a reasonable doubt, not by a judge by a mere preponderance of the evidence. *See Sattazahn*, 537 U.S. at ——, 123 S.Ct. at 739. Justice Scalia then explained, "We can think of no principled reason to distinguish, in this context, between what constitutes an offense for purposes of the Sixth Amendment's jury-trial guarantee and what constitutes an 'offence' for purposes of the Fifth Amendment's Double Jeopardy Clause." *Id.* More specifically, for purposes of the case before it, Justice Scalia concluded that "[f]or purposes of the Double Jeopardy Clause, ... 'first-degree murder' under Pennsylvania law—the offense of which petitioner was convicted during the guilt phase of his proceedings—is properly understood to be a lesser included offense of 'first-degree murder plus aggravating circumstance(s).'" *Id.* at ——, 123 S.Ct. at 740. Thus, this portion of *Sattazahn* can, perhaps, be read for the

proposition for which Johnson contends that it stands: The phrase "any offense punishable by death" in 28 U.S.C. § 3281 must refer to the separate, distinct, and greater offenses defined by law that have additional elements that must be pleaded and proved in order to charge and establish a capital offense.

However, even accepting that this portion of *Sattazahn* stands for the proposition for which Johnson offers it, this portion of *Sattazahn* does not require dismissal of Counts 1 through 5 in this case on the ground that those counts allege non-capital offenses untimely charged under 18 U.S.C. § 3282. First, the pertinent portion of the *Sattazahn* decision, § III, only garnered the support of three justices of the Supreme Court: Justice Scalia, the author of the decision, Chief Justice Rehnquist, and Justice Thomas. Thus, this portion of *Sattazahn* is not, in any sense, *controlling*. Rather, the controlling authority on the questions presented in Johnson's motion to dismiss remains the Eighth Circuit decisions upon which this court relied.

Second, even if this portion of *Sattazahn* were "controlling" authority, in the sense of a decision with the support of a majority of the justices of the Supreme Court, it simply would not require a different result, because it does not conflict with this court's ruling; indeed, it does not address any pertinent issue. Johnson leaps from the government's decision not to seek the death penalty on the § 1512(a) offenses in Counts 1 through 5 to the conclusion that she has not been charged with "capital offenses" to which no statute of limitations applies under 18 U.S.C. § 3281, but only "non-capital offenses" subject to the five-year statute of limitations in 18 U.S.C. § 3282. This court concludes, however, that whether or not the government decides to *seek* the death penalty has nothing

to do with whether or not "capital offenses" within the meaning of 18 U.S.C. § 3281 have been *charged* and whether or not such charges are *timely*.

As this court noted in its prior ruling,

> Counts 1 through 5 of the Superseding Indictment each charge the elements of first-degree murder—specifically, that each killing was willful, deliberate, malicious, with premeditation and malice aforethought. *See* Superseding Indictment, Counts 1 through 5, *and compare* 18 U.S.C. § 1111 (1988) (defining "murder" as requiring unlawful killing of a human being with malice aforethought, and defining "murder in the first degree," *inter alia*, as "murder perpetrated by . . . any other kind of willful, deliberate, malicious, and premeditated killing").

*Johnson*, 239 F.Supp.2d at 905. Thus, what are *charged* in this case are "capital offenses," even within the meaning of the portion of *Sattazahn* upon which Johnson relies, because the "aggravating circumstances" are expressly charged. The cited portion of *Sattazahn*, however, does not purport to address the question squarely addressed in *Edwards* and *Emery*, and at issue here, which was whether or not a *constitutionally effective* death penalty is required for a charged crime to be a "capital offense." Following *Edwards* and *Emery*, this court concluded that the answer to that question was no.

No decision cited by Johnson stands for the proposition that the government's decision to seek or not to seek the death penalty on an offense properly charged as a "capital offense" somehow changes the charged offense into a "non-capital offense" for statute of limitations purposes. The cited portion of *Sattazahn* certainly is not such authority. In the cited portion of *Sattazahn*, Justice Scalia and the two concurring justices concluded that if the peti-

tioner's sentencing jury had unanimously concluded that the State had failed to prove any aggravating circumstances, such a conclusion would operate as an "acquittal" of the greater offense of "murder plus aggravating circumstance(s)." *Sattazahn,* 537 U.S. at ——, 123 S.Ct. at 740. However, the three justices concluded that that was not what happened, because the jury reached no decision on death or life and made no findings regarding aggravating or mitigating circumstances, and by operation of state law, the judge entered a life sentence. *Id.* Thus, neither judge nor jury "acquitted" the petitioner of the greater offense, and consequently, there was no double-jeopardy bar to the state retrying the petitioner on both the lesser and the greater offenses after he succeeded in getting his conviction of the lesser offense set aside, because his "jeopardy" never terminated with respect to either offense. *Id.* Similarly, here, the government's decision not to *seek* the death penalty, even though "capital offenses" are charged in the indictment, does not amount to a reduction of the offenses, for statute of limitations purposes, to "noncapital offenses" subject to a five-year statute of limitations, because it is not, as Johnson seems to think, a concession that no "capital offense" has been charged or some kind of "acquittal" of the greater offense. *Cf. id.* Rather, it is an indication that the government recognizes that there was no *constitutionally effective* death penalty available at the time that Johnson allegedly committed the offenses. For that matter, the government's decision not to seek the death penalty does not amount to an "acquittal" of the greater offense for *any* purpose, because it is not a jury determination, beyond a reasonable doubt, that no aggravating *circumstances* can be proved to establish the greater offense. *Id.*

As explained in the court's previous order, consistent with Eighth Circuit prece-

dent—and even consistent with the portion of *Sattazahn* on which Johnson relies— Johnson has been charged with "capital offenses" in Counts 1 through 5 of the present Superseding Indictment. Therefore, even if the offenses were not charged until more than five years after they were allegedly committed, the charges were timely under 18 U.S.C. § 3281; the five-year statute of limitations in 18 U.S.C. § 3282 is simply inapplicable.

THEREFORE, the defendant's May 21, 2003, Motion To Reconsider Denial Of Motion To Dismiss Counts 1 Through 5 On Statute Of Limitations Grounds (docket no. 471) is **denied.**

**IT IS SO ORDERED.**